UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:16-CR-127-1 |
| v. | : | |
| | : | (Caputo, J.) |
| TRUMAN JONES, | : | |
| Defendant | : | |

# GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

DAVID J. FREED
United States Attorney

PHILLIP J. CARABALLO
ALISAN MARTIN
Assistant U.S. Attorneys
William J. Nealon Federal Bldg.
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, Pennsylvania 18503
(570) 348-2800

## <u>TABLE OF CONTENTS</u>

I. Introduction............................................................................ 1

II. Background .......................................................................... 1

III. Argument ........................................................................... 7

  A. <u>The Speedy Trial Act Has Not Been Violated</u> .................................. 7

    1. The Codefendant Continuances Count to Jones .......................... 10

    2. The Court's Scheduling Orders Were Sufficient .......................... 14

    3. The Time to Litigate Pretrial Motions is Excluded ...................... 17

  B. <u>Any Dismissal Should Be Without Prejudice</u> ................................. 19

II. Conclusion ....................................................................... 23

## Cases

*Barker v. Wingo,*
   407 U.S. 514, (1972)..................................................................22

*Bloate v. United States,*
   559 U.S. 196 (2010)...................................................................9

*United States v. Arbelaez,*
   7 F.3d 344 (3d Cir. 1993) ...................................................10,15

*United States v. Archer,*
   984 F.Supp. 321 (E.D. Pa. 1997) .........................................19

*United States v. Blevins,*
   142 F.3d 223 (5th Cir. 1998)................................................21

*United States v. Brooks,*
   697 F.2d 517 (3d Cir. 1982) ................................................16

*United States v. Cabrera,*
   2015 WL 260888 (D.N.J. Jan. 21, 2015) .............................11

*United States v. Cano-Silva,*
   402 F.3d 1031 (10th Cir. 2005)............................................20

*United States v. Casas,*
   425 F.3d 23 (1st Cir. 2005) ..................................................11

*United States v. Culpepper,*
   898 F.2d 65 (6th Cir. 1990)..................................................12

*United States v. Erby,*
   2009 WL 10677814 (M.D. Pa. Sept. 10, 2009) ...................12

*United States v. Franklin,*
   148 F.3d 451 (5th Cir. 1998)............................................13,14

*United States v. Hall,*
   181 F.3d 1057 (9th Cir. 1999)..............................................13

*United States v. Holyfield,*
   802 F.2d 846 (6th Cir. 1986)................................................10

*United States v. Lattany*,
  982 F.2d 866 (3d Cir. 1992) ................................................................. 18
*United States v. Lewis*,
  611 F.3d 1172 (9th Cir. 2010) ............................................................. 11
*United States v. Mensah-Yawson*,
  489 F. App'x 606 (3d Cir. 2012) .......................................................... 11
*United States v. Mouzon*,
  2014 WL 956972 (M.D. Pa. Mar. 12, 2014) ......................................... 11
*United States v. Novak*,
  715 F.2d 810 (3d Cir. 1983) ................................................................. 12
*United States v. Reese*,
  917 F.3d 177 (3d Cir. 2019) ............................................................ 15,16
*United States v. Rivera Constr. Co.*,
  863 F.2d 293 (3d Cir. 1988) ................................................................. 16
*United States v. Snelling*,
  961 F.2d 93 (6th Cir. 1991) ................................................................. 11
*United States v. Stallings*,
  701 F. App'x 164 (3d Cir. 2017) .......................................................... 10
*United States v. Stephens*,
  489 F.3d 647 (5th Cir. 2007) ....................................................... 11,13,14
*United States v. Stevenson*,
  832 F.3d 412 (3d Cir. 2016) ............................................................ 19,21
*United States v. Stevenson*,
  2014 WL 12705000 (M.D. Pa. Sept. 4, 2014) ...................................... 11
*United States v. Taylor*,
  487 U.S. 326 (1988) ............................................................................. 19
*United States v. Tinklenberg*,
  563 U.S. 647 (2011) ............................................................................. 18
*United States v. Tranakos*,
  911 F.2d 1422 (10th Cir. 1990) ........................................................... 12
*United States v. Wright*,
  6 F.3d 811 (D.C. Cir. 1993) ................................................................. 20

*Zedner v. United States*,
   547 U.S. 489 (2006)..................................................................................18

## Statutes

18 U.S.C. § 3161(c)(1) ............................................................................7,8
18 U.S.C. § 3161(h)...............................................................*passim*

## I.    Introduction

After three years of pretrial litigation and five successive defense counsel, defendant Truman Jones moves on the eve of trial to dismiss his indictment on Speedy Trial grounds.  His motion fails as a matter of fact and law, as the 70-day Speedy Trial clock has not yet elapsed. Nearly all pretrial delay—the overwhelming majority of which was prompted by Jones and his five codefendants—was specifically excluded under the Speedy Trial Act by valid Court orders.

Even if the Court affords Jones relief, dismissal without prejudice would be appropriate, in consideration of the seriousness of the charged offenses, the absence of any government misconduct, and the inability of Jones to demonstrate prejudice.

## II.    Background

On May 17, 2016, a federal grand jury returned an indictment against six defendants, including Truman Jones, alleging a litany of narcotics trafficking and firearms offenses.  (Doc. 23)  Jones, specifically, was charged with conspiring with his five codefendants to traffic in excess of 100 grams of heroin and crack cocaine over a six-month time period, with six counts of distributing heroin, with one

count of possessing with intent to distribute heroin, and with one count of possessing a firearm in furtherance of his narcotics trafficking. *Id.*

Jones was arraigned on May 31, 2016, at which point the 70-day Speedy Trial clock commenced. Three days later, the Court issued a scheduling order setting a trial date and deadlines for pretrial proceedings. (Doc. 61) On June 23, 2016, in response to an extension motion by Jones's co-defendant, Al Dunlap, the Court adjourned the trial date, and excluded all delay occasioned by the motion from the Speedy Trial calculation, specifically citing 18 U.S.C. §§ 3161(h)(7)(A) and (B). (Doc. 72) At the time the Speedy Trial clock was tolled by the June 23, 2016 order, only 23 days had elapsed since Jones's arraignment. As set forth below, the Speedy Trial clock remained tolled, by Court orders, until at least December 12, 2018, due primarily to numerous continuance requests and pretrial motions filed by both Jones and his codefendants, and a handful of continuance motions requested by the United States, with the defendants' concurrences.

For nearly a year following the June 23, 2016 order, the Court granted five additional requested extensions by Jones's codefendants, Dunlap and Na'Deardra Mayhams, in consideration of ongoing plea

negotiations.  (Docs. 74, 77, 79, 89, 139)   Critically, in each instance, the Court advised that it would schedule a trial after expiration of the pretrial motions deadline, and excluded from the Speedy Trial clock the delay occasioned by each defendant's motion.  During that time, codefendants Davon Beckford and Stephanie Walter pleaded guilty pursuant to negotiated plea agreements. (Docs. 87, 99) The Court also fielded multiple motions for new counsel by defendants Dunlap and Mayhams, *see* Docs. 85, 102, 116, and 126, and motions for detention hearings by defendants Dunlap and Beckford.  (Docs. 107, 121)  Every continuance and Speedy Trial tolling during this initial year of litigation was at the request of the defendants.

Throughout that first year of pretrial proceedings, Jones remained silent on the docket, while his counsel engaged in plea negotiations with the United States.  On June 6, 2017, as promised in its prior orders granting the defendants' requested continuances, the Court scheduled a trial date and again excluded all intervening time from the Speedy Trial clock.  (Doc. 142)  During that time of exclusion, the Court granted a motion to withdraw by Jones's counsel, affording 30 days to obtain new counsel or request appointed counsel.  (Doc. 145)

3

Jones obtained new counsel, who promptly requested a
continuance, acknowledging that the delay would not count towards the
Speedy Trial clock.  (Doc. 154)  The Court acquiesced, affording Jones
additional time to file pretrial motions, continuing the trial date with
the expectation of setting a new date at the conclusion of pretrial
motions, and excluding all intervening time from the Speedy Trial clock.
(Doc. 156)  Jones subsequently received two additional requested
extensions (the second of which ordered pretrial motions filed by
October 5, 2017), premised on his review of discovery and ongoing plea
negotiations, and again excluding all delay under the Speedy Trial Act.
(Docs. 164, 172)

During that time period, the Court likewise granted numerous
continuance motions filed by Jones' codefendants Jaquan Henderson,
Mayhams, and Dunlap, premised on their ongoing plea negotiations and
review of discovery.  (Docs. 155, 157, 165, 169, 171, 175)  In each
instance, the Court continued to exclude time under the Speedy Trial
Act until the day of the scheduled trial, in the ends of justice.  (Docs.
158, 159, 166, 173, 174, 176)

On October 5, 2017, Jones filed a series of pretrial motions. (Docs. 179 to 184) At that point—approximately 16 months since his arraignment—every requested continuance in this matter had been at the behest of the defendants, including Jones. The United States subsequently, and for the first time in this matter, requested continuances to respond to those pretrial motions, in one instance because government counsel was in trial, and in three others because of ongoing plea negotiations that would have obviated the need to respond to the motions.[1] (Docs. 190, 210, 216, 226) Each motion was filed with Jones's concurrence, and granted by the Court with a corresponding exclusion of time under the Speedy Trial Act. (Docs. 193, 211, 219, 227) In the interim, Jones filed an additional pretrial motion, *see* Docs. 221 and 222, and the Court granted continuance motions requested by codefendants Dunlap and Mayhams, consistently excluding time under the Speedy Trial Act. (Docs. 186, 192, 213, 223, 229, 239) Meanwhile,

---

[1] Jones states that the United States sought five, not four continuances. Def. Br. At 3. However, the motion filed on March 5, 2018 was not for a continuance, but rather for permission to files an omnibus response to all outstanding pretrial motions filed by Jones, in excess of the page limitation. (Doc. 230)

defendant Henderson pleaded guilty pursuant to a negotiated plea agreement. (Doc. 208)

On March 17, 2018, while the Court's decision on the pretrial motions filed by Jones remained pending, Mayhams also filed a series of pretrial motions, but did not file briefs in support of those motions for three months. (Docs. 240 to 243, 266 to 269) During that time, Jones obtained his fourth counsel, *see* Docs. 258, 263, and 270, and the Court granted Dunlap another continuance and the United States two continuances with which to respond to Mayhams's motion, in each instance excluding time under the Speedy Trial clock. (Docs. 274, 278, 279) The Court also fielded and denied a release motion by Mayhams. (Docs. 286, 291)

On November 30, 2018, the Court held an evidentiary hearing on the pretrial motions filed by Jones. On December 12, 2018, the Court denied the pretrial motions filed by Mayhams, *see* Docs. 301 and 302, and those filed by Jones (holding his severance motion in abeyance). (Docs. 303 and 304) Over 14 months had elapsed since Jones filed his first pretrial motions on October 5, 2017, all of which time was excluded

under the Speedy Trial Act.  The defendants filed miscellaneous other motions during pretrial proceedings, beyond those detailed above.

On January 23, 2019, 42 days after disposing of all pretrial motions, the Court scheduled a trial date, again excluding all time in the interim from the Speedy Trial calculation.  (Doc. 306)  Jones retained his fifth attorney, *see* Doc. 322, and Dunlap pleaded guilty. (Doc. 334)    The Court entered one more scheduling order, setting trial for May 20, 2019, and again excluding all Speedy Trial time in the interim.  (Doc. 337)

## III.   Argument

### A.    The Speedy Trial Act Has Not Been Violated

The Speedy Trial Act mandates that a criminal defendant be brought to trial within 70 days of the filing of the indictment or the defendant's initial appearance, whichever occurs later. See 18 U.S.C. § 3161(c)(1).  If that deadline is not met, the Act provides that the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).  The Act enumerates a series of "excludable delays" which may extend the time period beyond the initial 70 days.  See 18 U.S.C. § 3161(h).

Here, at most, only 63 days have elapsed under the Speedy Trial clock for defendant Truman Jones.  The relatively lengthy docket in this matter is summarized from a Speedy Trial Act perspective as follows:

- May 31, 2016: Jones was arraigned on the indictment, commencing the 70-day Speedy Trial clock.  18 U.S.C. § 3161(c)(1).  The Speedy Trial clock ran for 21 days, until co-defendant Dunlap filed a continuance motion on June 21, 2016.

- June 21, 2016 to June 6, 2017: The Speedy Trial clock was tolled as to all defendants, pursuant to the numerous motions filed by various codefendants of Jones, and the Court's corresponding orders excluding time under the Speedy Trial Act in the ends of justice.  18 U.S.C. §§ 3161(h)(6) and (7).

- June 6, 2017 to July 6, 2017: The Court tolled the Speedy Trial clock in its trial scheduling order, in the ends of justice.  18 U.S.C. § 3161(h)(7).

- July 6, 2017 to October 5, 2017: Jones requested extensions of time to file his pretrial motions and the Court, in granting those extensions, excluded all Speedy Trial time in the ends of justice.    18 U.S.C. § 3161(h)(7).

- October 5, 2017 to December 12, 2018: The Speedy Trial clock was tolled from the filing of Jones's pretrial motions to the disposition of those motions.  18 U.S.C. § 3161(h)(1)(D).

- December 13, 2018 to January 23, 2019: The Speedy Trial clock ran for the 42 days following disposition of the pretrial motions, until the Court tolled the Speedy Trial clock in its trial scheduling order on January 23, 2019.

- January 23, 2019 to present: The Speedy Trial clock is tolled in advance of the anticipated May 20, 2019 trial, pursuant to Court scheduling orders excluding that time in the ends of justice.  18 U.S.C. § 3161(h)(7).

As set forth above, the 21 days between Jones's arraignment on May 31, 2016 and the first motion filed by Dunlap on June 21, 2016, likely counted towards the Speedy Trial clock.  *See Bloate v. United States*, 559 U.S. 196, 214 (2010) (holding that the time provided for preparing and filing pretrial motions is not automatically excludable absent an ends-of-justice continuance under section 3161(h)(7)).

### 1.   Codefendant Continuances Count to Jones

In his motion, Jones fails to acknowledge that the continuances requested by his codefendants, between June 21, 2016 to June 6, 2017, also tolled his own Speedy Trial clock.  In each instance, the Court excluded time under the Speedy Trial clock via citation to the ends of justice provision.  (Docs. 72, 74, 77, 79, 89, 139)  The Act expressly provides that such temporal exclusions will apply across the board in multi-defendant cases, "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  To this date, no motion for severance has been granted in this matter, nor did Jones even file one until October 5, 2017; four months after this challenged time period.

"[U]nder section 3161(h)([6]) an exclusion as to one defendant applies to all codefendants."  *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986) (per curiam); *see also United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) ("a motion for a continuance by counsel for codefendant Laracuente would create excludable days for Arbelaez."); *United States v. Stallings*, 701 F. App'x 164, 170 (3d Cir. 2017)

(unpublished) (same); *United States v. Casas*, 425 F.3d 23, 32-33 (1st

Cir. 2005) (delays attributable to codefendants' motions are excludable);

*United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991) (per curiam)

("excludable time attributed to any defendant prior to severance is

considered excludable time for all co-defendants"); *United States v.*

*Cabrera*, 2015 WL 260888, at *3 (D.N.J. Jan. 21, 2015) (same); *United*

*States v. Stevenson*, 2014 WL 12705000, at *1-2 (M.D. Pa. Sept. 4,

2014) (Mariani, J.) (same); *United States v. Mouzon*, 2014 WL 956972,

at *3 (M.D. Pa. Mar. 12, 2014) (Rambo, J.) (same).[2]

The key inquiry is whether the delay attributable to a codefendant

under section 3161(h)(6) is limited to "[a] reasonable period of delay."

Codefendant excludable delay, therefore, is not automatic.  *See United*

*States v. Lewis*, 611 F.3d 1172, 1176 & n.2 (9th Cir. 2010*); United*

*States v. Stephens*, 489 F.3d 647, 655 (5th Cir. 2007).  Here, the delay

attributable to Jones's codefendants was at most the period between

June 21, 2016 (when codefendant Dunlap filed the first continuance

---

[2] Indeed, even the time periods between Jones's codefendants Dunlap, Henderson, Beckford, and Walter announcing their intentions to plead guilty, and their actual pleas are excludable under Jones's Speedy Trial computation.  *United States v. Mensah-Yawson*, 489 F. App'x 606, 609-10 (3d Cir. 2012) (unpublished).

motion in this matter) to July 5, 2017 (after which Jones himself filed a series of continuance and pretrial motions); a delay of approximately 12 and one-half months.

Delays of a similar or greater magnitude attributable to codefendants have routinely been determined acceptable, particularly in the absence of a severance motion. *See*, *e.g.*, *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (15-month delay due to codefendant's motion reasonable); *United States v. Erby*, 2009 WL 10677814, at *4 (M.D. Pa. Sept. 10, 2009) (Vanaskie, J.) (23-month delay due to codefendant's motion reasonable).

Moreover, the interpretation of "reasonable" should be viewed in light of the strong Congressional preference for joint trials, to achieve judicial and prosecutorial economy, and its intent that section 3161(h)(6) be liberally construed. *See*, *e.g.*, *United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1983) (recognizing that the legislative history "illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally construed."); *United States v. Culpepper*, 898 F.2d 65, 68 (6th Cir. 1990).

12

Thus, one factor in determining reasonableness, and of particular relevance here, is whether the delay was necessary for the conduct of a joint trial. *See*, *e.g.*, *United States v. Stephens*, 489 F.3d 647, 653 n.10 (5th Cir. 2007); *United States v. Hall*, 181 F.3d 1057, 1062-63 (9th Cir. 1999); *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) ("The utility of a joint trial is particularly compelling . . . [when] the government could be expected to 'recite a single factual history, put on a single array of evidence, and call a single group of witnesses.'"). As the United States previously contended in opposition to Jones's severance motion, presenting multiple trials in this matter of substantially the same evidence of the same drug conspiracy would undermine judicial efficiency and economy. (Doc. 234)

Another factor is whether the defendant moved for a severance from his delay-causing codefendants. The Second and Sixth Circuits refuse to allow a defendant who has failed to move for a severance to challenge the reasonableness of the delay, while the First, Fifth, Seventh, Ninth, Tenth and Eleventh Circuits "view a defendant's failure to move for severance as relevant to, but not per se dispositive of, the reasonableness inquiry." *United States v. Franklin*, 148 F.3d

451, 456-57 (5th Cir. 1998) (collecting cases).  Here, Jones did not move

for severance until October 5, 2017; long after he contends his Speedy

Trial clock elapsed.  Def. Br. at 2.

A third factor used by courts in deciding whether delay caused by

a codefendant is reasonable is whether the delay resulted in actual

prejudice to the defendant.  *See*, *e.g.*, *United States v. Stephens*, 489

F.3d 647,  653 n.10 (5th Cir. 2007); *Franklin*, 148 F.3d at 457 ("With

respect to the prejudice analysis, relevant considerations include

whether the delay impaired the appellant's ability to defend himself or

resulted in excessive pretrial incarceration.").  Here, Jones offers only a

speculative claim that a now-deceased inmate would have provided

unspecified but exculpatory testimony about a firearm recovered from

the defendant.

### 2.    The Court's Scheduling Orders Were Sufficient

For the time periods of June 6, 2017 to July 6, 2017, and January

23, 2019 to present, all time was properly excluded from Speedy Trial

considerations by the Court in its trial scheduling orders.  Each

specifically referenced the Act's ends of justice provision and had a

sufficient factual basis.  (Docs. 142, 158, 159, 173, 174, 192, 306, 337)

Moreover, other miscellaneous motions were filed by the defendants during some of those time periods, and any pretrial motion, regardless of its nature, creates excludable time. *Arbelaez*, 7 F.3d at 347.

Jones's reliance on *United States v. Reese*, 917 F.3d 177 (3d Cir. 2019, to attack the legitimacy of the Court's trial scheduling orders, is unavailing. Def. Br. at 8. In *Reese*, the District Court entered a trial scheduling order containing a *sua sponte* trial continuance, and failed to "mention the exclusion of time under the Speedy Trial Act or use any language that would suggest a finding by the Court that an exclusion was proper." *Id.* at 180, 183. Speedy Trial exclusions in the ends of justice require that the Court "sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Moreover, in *Reese*, the District Court appears to have entered the continuance in consideration of its own calendar congestion, *id.* at 180; a premise specifically prohibited by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(C).

Here, by contrast, each trial scheduling order entered by the Court specifically excluded time under the Speedy Trial Act and set forth or incorporated a factual basis that justified the exclusion.  (Docs. 142, 158, 159, 173, 174, 192, 306, 337)  The use of a "template continuance form" is permissible where the Court references the Speedy Trial Act statutory exclusion and "supplement[s] the record with further details of the factual basis for exclusion."  *Reese*, 917 F.3d at 182 (citing *United States v. Brooks*, 697 F.2d 517, 521-22 (3d Cir. 1982)).  Indeed, a district court "may exclude time for the 'ends of justice' without citing the Act or parroting the relevant provisions of the Act so long as the record shows that the district court 'balanced the interests of the public and of all the defendants . . . when it ordered the continuance.'"  *Reese*, 917 F.3d at 182 (citing *United States v. Rivera Constr. Co.*, 863 F.2d 293, 297 (3d Cir. 1988)).

In reviewing the Court's various scheduling orders, each one excluded Speedy Trial time and scheduled a trial (1) in consideration of the expiration of the pretrial motions deadline or their resolution, thus fulfilling and incorporating its prior orders granting continuances and

their associated factual bases (Docs. 142,[3] 306); (2) by referencing the

factual bases set forth in the defendants' motions to continue (Docs.

158, 159, 173, 174, 192); or (3) by referencing the factual basis raised

during the pretrial conference (337).

### 3.   The Time to Litigate Pretrial Motions is Excluded

From July 6, 2017 to October 5, 2017, Jones requested

continuances to file his pretrial motions, and the Court excluded all

time under the Speedy Trial clock accordingly and in the interests of

justice. (Docs.  156, 164, 172) He concedes that the clock was tolled at

his own request.  Def. Br. at 2-3.

However, Jones claims that the government's four corresponding

requested continuances to respond to the pretrial motions should count

towards the Speedy Trial clock, Def. Br. at 3, 8-9, even though he

concurred in those requests.  "Defendants cannot be wholly free to

abuse the system by requesting [section 3161(h)(7)] continuances and

then argue that their convictions should be vacated because the

---

[3] In excluding time pursuant to the ends of justice in this trial scheduling order, the Court appears to have made a slight typographical error by citing to 18 U.S.C. § 3161(h)(**8**)(A), instead of § 3161(h)(**7**)(A).  That error does not appear in the other trial scheduling orders issued by the Court.

continuances they acquiesced in were granted." *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992).  Here, Jones concurred in each request, and the Court, appropriately, excluded a finite period of time in the interests of justice.  (Docs. 193, 211, 219, 227)  It thus does not qualify as some sort of prospective waiver "for all time" prohibited by *Zedner v. United States*, 547 U.S. 489, 494-03 (2006).

Thus, the time from October 5, 2017 (when Jones first filed pretrial motions) to December 12, 2018 (when the Court decided those pretrial motions) is excluded from the Speedy Trial clock.  Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  The excludability of the pretrial motion delay has been described as "automatic."  *United States v. Tinklenberg*, 563 U.S. 647, 653 (2011).

The clock only began to run upon the Court's December 12, 2018 decision on the motions.  (Docs. 301 to 304)  As set forth above, the clock tolled 42 days later, when the Court entered a trial scheduling order. (Doc. 306)  Taken together, the 21 days between Jones's arraignment and the first continuance motion filed but his codefendant, plus the 42

days following the Court's decision on the pretrial motions, equal only

63 days of unexcluded time under the Speedy Trial clock.

## B.   Any Dismissal Should Be Without Prejudice

Even if the Court arrives at an alternate calculation and

determines that the Speedy Trial Act has been violated, dismissal

without prejudice is well warranted.  In making this determination, the

court considers "among others, each of the following factors: [1] the

seriousness of the offense; [2] the facts and circumstances of the case

which led to the dismissal; and [3] the impact of a reprosecution on the

administration of this chapter and on the administration of justice." 18

U.S.C. § 3162(a)(2).  The Supreme Court has explained that the "district

court must carefully consider th[ese] factors as applied to the particular

case and, whatever its decision, clearly articulate their effect in order to

permit meaningful appellate review." *United States v. Taylor*, 487 U.S.

326, 336 (1988).

First, there is no doubt that "heroin and firearms offenses are

serious crimes for purposes of the Speedy Trial Act." *United States v.*

*Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016); *United States v. Archer*,

984 F.Supp. 321, 323 (E.D. Pa. 1997) (concluding that distribution of

more than 50 grams of a hard drug, as is alleged here, "constitutes a serious offense"); *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) ("The district court correctly characterized [drug distribution, conspiracy to distribute, and related firearms] offenses as 'serious' for purposes of the Speedy Trial Act's first factor . . . ."). Here, Jones is charged with a heroin and crack cocaine trafficking conspiracy that carries a five-year mandatory minimum, and a firearms offense that triggers a five-year consecutive mandatory minimum. Moreover, the substantial weight of drugs attributable to Jones, and his extensive criminal history, which appears to include at least three federal and state felony convictions, only exacerbate the potential sentence he faces under an advisory guidelines calculation.

The second consideration—the facts and circumstances that led to dismissal—also warrants a dismissal without prejudice. This factor requires courts to consider the reasons for the delay: did it stem from "intentional dilatory conduct" or a "pattern of neglect on the part of the Government," or rather, from a relatively benign hitch in the prosecutorial process? *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005) ("In determining whether the facts and

circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay."); *see also United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998) ("Regarding the facts and circumstances leading to the dismissal, we look to whether the Government sought the resultant delays for ulterior purposes as well as whether the Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant.").

Here, there is no evidence, much less even an allegation "that the Government had acted in bad faith or to gain some tactical advantage." *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016). Rather, a review of the docket reflects consistent plea negotiations (that ultimately have resulted in four of six defendants pleading guilty) and near-continuous motion practice, both of a substantive and routine nature. During the three years of pretrial litigation, the government sought four continuances to respond to Jones's pretrial motions, and two to respond to Mayhams's pretrial motions, with the remaining delay attributable solely to the defendants.

Third, in considering the impact on the administration of justice, the only claim of prejudice advanced by Jones lacks any substance. In a

contention impossible to repudiate, Jones contends that a fellow inmate, Timothy Gilliam, would have provided exculpatory testimony in Jones's defense, had Gilliam not died.  Def. Br. 10-11.  This bare speculation, devoid of any detail or support, cannot establish prejudice under any threshold.  Moreover, according to a news article cited by Jones, Gilliam died on July 18, 2016, less than seven weeks after Jones was arraigned, and approximately 34 months ago.  Yet not once in that time period did Jones claim corresponding prejudice.

Indeed, despite filing substantive pretrial motions at two points in the litigation—October 5, 2017 and January 12, 2018—where he now contends the Speedy Trial clock already elapsed, Jones neglected to raise his challenge until the eve of trial.  The point at which a defendant asserts his speedy trial rights is important because it may reflect the seriousness of the personal prejudice he is experiencing. *See Barker v. Wingo*, 407 U.S. 514, 530-33, (1972).  Since there is no misconduct by the government to deter, the principles of the Act are vindicated by dismissal without prejudice.

## IV.   Conclusion

For the reasons set forth above, the United States respectfully requests that the Court deny defendant Truman Jones's motion to dismiss his indictment on Speedy Trial grounds.  Should the Court grant the motion to dismiss, the United States requests that it be granted without prejudice.


Date: May 15, 2019                    Respectfully submitted,


                                      /s/ Phillip J. Caraballo

                                      Phillip J. Caraballo
                                      Alisan Martin
                                      Assistant U.S. Attorneys

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE. 7.8(b)(2)

I hereby certify, that in accordance with Local Rule 7.8(b)(2), this brief contains no more than 5,000 words despite containing a page count of over 15 pages. Specifically, the word count feature on the word-processing system used to prepare the brief has indicated that this brief contains 4,361 words, which is in compliance with Local Rule 7.8(b)(2).


/s/ Phillip J. Caraballo

Phillip J. Caraballo
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  On May 15, 2019, she served a copy of the enclosed

**GOVERNMENT'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

by electronic filing on Curt Parkins, Esquire, counsel for defendant Truman Jones.

<u>/s/ Sarai Garcia</u>
Sarai Garcia
Legal Assistant